IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHANTELL WILLIAMS,                  :

    Petitioner,                    :

v.                                  :    CIVIL ACTION 09-440-KD-M

CYNTHIA WHEELER-WHITE,              :

    Respondent.                    :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be denied, that this action be dismissed as time barred and that judgment be entered in favor of Respondent Cynthia Wheeler-White and against Petitioner Shantell Williams pursuant to 28 U.S.C. § 2244(d).

Petitioner was convicted of first degree robbery in the Circuit Court of Clarke County on April 13, 2004 for which she received a sentence of twenty-five years in the state penitentiary (Doc. 6, pp. 2-3). On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 6, p. 3). Williams admits that she did not seek *certiorari* in the Alabama

Supreme Court (Doc. 6, p. 4, ¶ 10(e)).  The certificate of final judgment was entered on February 9, 2005 by the Alabama Court of Criminal Appeals (Doc. 12, Exhibit 5).

Petitioner apparently did not file a Rule 32 petition, but did file a Motion to Reconsider and Execute the Remainder of her Sentence on February 24, 2005 in the Clarke County Circuit Court (Doc. 4, p. 21).  The Motion was denied on March 3, 2005 (*id.*).

Petitioner filed a complaint with the United States District Court for the Middle District of Alabama on June 9, 2009 (Doc. 4, p. 29).  That Court transferred the action to this Court (Doc. 4, pp. 29-32).  This Court had Petitioner complete a new habeas petition on this Court's form (Doc. 5) in which Williams raised the following claims:  (1) The indictment was improperly amended; (2) the prosecutor failed to disclose certain information to the Defendant; (3) ineffective assistance of counsel; and (4) the trial judge failed to give complete jury instructions (Doc. 6).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 12, pp. 304).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation

> period shall run from the latest of the date
> on which the judgment became final by the
> conclusion of direct review or the expiration
> of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on February 9, 2005, the day on which the Alabama Court of Criminal Appeals issued a Certificate of Judgment on her criminal conviction (Doc. 12, Exhibit 5). Because Williams did not seek *certiorari* in the Alabama Supreme Court (*see* Doc. 6, p. 4, ¶ 10(e)), she was foreclosed from seeking direct review of her conviction in the U.S. Supreme Court. *See Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (2006). As such, the ninety days that Williams could have taken to seek that review are not added to her limitations period; the AEDPA limitations clock began running on February 10, 2005.

Petitioner's habeas corpus petition was not filed until June 9, 2009, more than three years after the one-year grace period had expired. The Court notes that AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The Court does not consider Petitioner's Motion to Reconsider and Execute the Remainder of her Sentence

3

(Doc. 4, p. 21) to meet this tolling of the statute; in any event, that Motion was pending for only nine days, meaning that this action was still filed more than three years beyond the limitations period.

Petitioner has, essentially, asserted that this Court should consider this action to have been equitably tolled (Doc. 14). The Eleventh Circuit Court of Appeals has held that § 2244 permits equitable tolling "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999)). The *Steed* Court stated that "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly. Mere attorney negligence does not justify equitable tolling." *Steed*, 219 F.3d at 1300 (internal citations omitted). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002), *cert. denied sub nom. Drew v. Crosby*, 537 U.S. 1237 (2003). Because of the difficult burden placed on petitioners, the Eleventh Circuit has "rejected most claims for equitable tolling." *Diaz v. Secretary for Department of Corrections*, 362 F.3d 698, 701 (11th Cir. 2004).

Petitioner has replied to Respondent's assertion that this action should be dismissed by asserting that her appellate

attorney did not correspond with her and she was unaware of the actions he was taking on her behalf (Doc. 14). Because of this, Williams did not know that the appeal of her conviction had been affirmed (*id.*). Petitioner further asserts that her "attempt to obtain [her] transcript or any information that would have been favorable on [her] behalf was unduly delayed, denying [her] of [her] access until the year of 2006" (*id.*).

The undersigned recommends that the Court find that Petitioner is not entitled to equitable tolling of the statute of limitations. Williams's assertions concerning her attorney all focus on what he did not do for her on the appeal of her conviction; she does not explain why it took so long for her to file this action. Even if the Court accepted Petitioner's assertion that she did not have the necessary information to bring this action until 2006 (*see* Doc. 14), she still delayed filing her action until June 2009 which is well beyond the one-year grace period afforded habeas petitioners. Because Petitioner has not shown this Court that she endured extraordinary circumstances beyond her control, *see Steed*, 219 F.3d at 1300, this action is due to be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). Williams's two-and-one-half-year delay was not unavoidable.

For the reasoning stated herein, it is recommended that this habeas petition be denied, that this action be dismissed as time-barred, and that judgment be entered in favor of Respondent

Cynthia Wheeler-White and against Petitioner Shantell Williams pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Williams did not timely file this action and has failed to present extraordinary circumstances beyond her control which prevented her from filing this action in a timely manner, *see Steed,* 219 F.3d at 1300, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Williams should be allowed to proceed further. *See Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

### **CONCLUSION**

It is recommendeds that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. Furthermore, Petitioner is not entitled to a certificate of appealability and, therefore, she is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate

judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 2nd day of February, 2010.

           s/BERT W. MILLING, JR.
           UNITED STATES MAGISTRATE JUDGE